IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUAN E. VELAZQUEZ,
    Plaintiff,

vs.                                    Case No. 5:07cv110/RS/MD

OFFICER WILSON, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Leave to proceed *in forma pauperis* was granted (doc. 11), and plaintiff has paid the initial partial filing fee (doc. 14). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Because plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, Rule 12(b)(6) standards apply, since the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997). That standard requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light

most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is currently incarcerated at Walton Correctional Institution. He was confined at Jackson Correctional Institution ("Jackson CI") at the time of the events giving rise to this complaint. Named as defendants are two corrections officials at Jackson CI: Officer Wilson and Sergeant Tucker. (Doc. 1, pp. 1-2). Plaintiff alleges that on February 12, 2006 he was ordered to confinement. Upon his arrival, he was placed into the shower facilities for a strip search. After plaintiff disrobed, the following occurred:

> [W]hile performing the strip search Ofc. Wilson made a lewd thrusting motion with his pelvic area toward [plaintiff's] rectum while stating "There you go!" [Plaintiff] just happened to look back when he spread his rectum and observed the lacisious [sic] look of pleasure on his face while he was making this lewd gesture and statement. At this point Ofc. Wilson turned and faced Sargent Tucker. Sgt. Tucker gave Ofc. Wilson a perplexed look (as if to say "what are you doing"), but totally ignored the incident and has never reported to the proper supervising administration.

(*Id.*, p. 7). Plaintiff asserts that as a result of the foregoing, he has suffered continuing emotional distress. Claiming violation of his Eighth and Eleventh Amendment rights, plaintiff seeks to have the defendants terminated from their employment and "prosecuted to the fullest extent of the law." (*Id.*, p. 8).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

> **First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S.Ct. at 2481.**

*Chandler*, 379 F.3d at 1289-90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999 (quotation

> marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). <u>Negligence does not suffice to satisfy this standard</u>, *id.* at 305, 111 S.Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S.Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90 (emphasis added).

The Eleventh Circuit, joining other circuits, has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) (same); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2nd Cir. 1997). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Boddie*, 105 F.3d at 861 (citation and quotation omitted). However, under Eleventh Circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be "objectively, sufficiently serious" only if there is more than *de minimis* injury. *See Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).

On the facts as alleged in the complaint, plaintiff fails to meet this standard. A guard's pelvic thrust accompanied by a sexually charged remark does not present more than *de minimis* injury. *See, e.g., Boxer X*, 437 F.3d at 1111 (holding that a female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not present more than *de minimis* injury, and therefore did not give rise to a claim under the Eighth Amendment); *see also Sharpe v. Costello*, No. 1:06cv1493, 2007 WL 1098964, at *4 (M.D. Pa. Apr. 11, 2007) (holding that guard's failed attempt to fondle prisoner and subsequent, isolated instances of

verbal harassment did not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (holding that allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); *Joseph v. United States Federal Bureau of Prisons*, 232 F.3d 901, at *1-2 (10th Cir. 2000) (table opinion) (holding no Eighth Amendment violation stated where plaintiff alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"); *Boddie v. Schnieder*, 105 F.3d at 861 (holding that a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); *Young v. Poff*, No. 04-320, 2006 WL 1455482, at *4 (W.D. N.Y. May 22, 2006) (holding that a single groping incident did not amount to an Eighth Amendment violation); *Calhoun v. Vicari*, No. 05-4167, 2005 WL 2372870, at *1, *5 (D. N.J. Sept. 26, 2005) (holding that sexual gestures, jokes, touching, and slapping on the buttocks were insufficiently serious to state an Eighth Amendment claim); *Williams v. Anderson*, No. 03-3254, 2004 WL 2282927, at *1, *4 (D. Kans. Sept. 7, 2004) (finding no Eighth Amendment violation where prison guard grabbed plaintiff's buttocks, exposed his penis to plaintiff, and made crude sexual remarks); *Jones v. Culinary Manager II*, 30 F.Supp.2d 491, 493, 497-98 (E.D. Pa.1998) (holding that allegation that a guard pinned plaintiff to box, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to be an Eighth Amendment violation). Accordingly, plaintiff's Eighth Amendment claim should be dismissed.

Because defendant Wilson's conduct does not rise to the level of a constitutional violation, plaintiff's claim against defendant Tucker for his failure to intervene must fail. *Cf. Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) (holding that "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation . . . takes place in his presence, the officer is directly liable under Section 1983").

**Accordingly, it is respectfully RECOMMENDED:**

**That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

**At Pensacola, Florida, this 29th day of October, 2007.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**